1   STROOCK & STROOCK & LAVAN LLP
    ARJUN P. RAO (State Bar No. 265347)
2   BRYAN D. TRADER (State Bar No. 318133)
    2029 Century Park East, 18th Floor
3   Los Angeles, CA 90067-3086
    Telephone:  310.556.5800
4   Facsimile: 310.556.5959
    Email:   *lacalendar@stroock.com*
5
    Attorneys for Defendant
6    JPMORGAN CHASE BANK, N.A.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  CLIFFORD J. HILL                    )  Case No. 2:20-cv-07318-FMO-MAA
                                        )
12           Plaintiff,                 )  [Assigned to Hon. Fernando M. Olguin]
                                        )
13       vs.                            )  **NOTICE OF MOTION AND**
                                        )  **MOTION OF DEFENDANT**
14  JPMORGAN CHASE BANK, N.A., A        )  **JPMORGAN CHASE BANK, N.A.**
    National Association, EUROSTONE     )  **TO DISMISS COMPLAINT;**
15  AMERICA, INTERNATIONAL INC. A       )  **MEMORANDUM OF POINTS AND**
    California Corporation and DOES 1   )  **AUTHORITIES**
16  through 10, Inclusive.              )
                                        )  Hearing:
17           Defendants                 )  Date:  September 17, 2020
                                        )  Time:  10:00 A.M.
18                                      )  Courtroom:  6D
                                        )
19                                      )  ([Proposed] Order lodged concurrently)
                                        )
20                                      )
                                        )  Complaint Filed: June 15, 2020
21                                      )  Removal Filed: August 13, 2020
                                        )
22                                      )
                                        )
23                                      )
                                        )
24  _____)

25

26

27

28

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on September 17, 2020 at 10:00 a.m. in Courtroom 6D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 90012, defendant JPMorgan Chase Bank, N.A ("JPMC") will, and hereby does, move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Complaint filed by plaintiff Clifford J. Hill ("Plaintiff"), on the grounds that the entirety of the allegations pleaded in the Complaint against JPMC, including the first, second, third and fifth claims fail to state a claim upon which relief can be granted.

This Motion is made following a good faith effort to meet and confer pursuant to L.R. 7-3, which took place on August 13, 2020.[1]

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file herein, upon such oral argument as the Court may request and consider on this Motion, and all other matters of which the Court may take judicial notice.

Dated:  August 20, 2020

Respectfully Submitted,

STROOCK & STROOCK & LAVAN LLP
ARJUN P. RAO
BRYAN D. TRADER

By:  _____/s/ Arjun P. Rao_____
                    Arjun P. Rao

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

---

[1] JPMC removed this action from the Superior Court of the State of California, County of Ventura, on August 13, 2020.

- 1 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 52330378

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION .............................................................................................. 1

II.   BACKGROUND ............................................................................................... 2

    A.    The Allegations In The Complaint ........................................................ 2

    B.    Procedural Posture ................................................................................. 4

III.  ARGUMENT ...................................................................................................... 5

    A.    Legal Standard ....................................................................................... 5

    B.    Plaintiff's FCBA Claim Is Time-Barred. .............................................. 6

    C.    Plaintiff's Fails To State A Claim For The UCL. ................................. 7

    D.    Plaintiff Fails To State A Claim For Implied Covenant Of Good
           Faith And Fair Dealing. ........................................................................ 9

    E.    Plaintiff Fails To State A Claim For Conversion. ............................... 11

IV.   CONCLUSION ............................................................................................... 13

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-07318-FMO-MAA

LA 52330378

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

AICCO, Inc. v. Ins. Co. of N. Am.,
 90 Cal. App. 4th 579 (2001) .................................................................... 7

Andre v. Bank of Am., NA,
 No. 14-CV-02888-PSG, 2016 WL 69914 (N.D. Cal. Jan. 6, 2016) ..................... 13

Ashcroft v. Iqbal,
 556 U.S. 662 (2009) ............................................................................... 5

Bell Atl. Corp. v. Twombly,
 550 U.S. 544 (2007) ............................................................................... 5

Borisov v. Alamo Rent A Car,
 No. C18-5847 BHS, 2019 WL 316710 (W.D. Wash. Jan. 24, 2019) ................... 8

Brosious v. JP Morgan Chase Bank, N.A.,
 No. 15-CV-00047-KJM-DAD, 2015 WL 3486953 (E.D. Cal. June 2,
 2015) ................................................................................................. 13

Chase Bank USA, N.A. v. McCoy,
 562 U.S. 195, 131 S. Ct. 871, 178 L. Ed. 2d 7161 (2011) ................................. 10

Clegg v. Cult Awareness Network,
 18 F.3d 752 (9th Cir. 1994) ..................................................................... 6

Conservation Force v. Salazar,
 646 F.3d 1240 (9th Cir. 2011) .................................................................. 5

Corbett v. Super. Ct.,
 101 Cal. App. 4th 649 (2002) ................................................................... 8

Dave Greytak Enters., Inc. v. Mazda Motors of Am., Inc.,
 622 A.2d 14 (Del. Ch. 1992) ................................................................... 10

Davis v. Maryland Bank,
 No. 00-04191, 2002 WL 32713429 (N.D. Cal. June 19, 2002) ........................... 6

Glenn K. Jackson Inc. v. Roe,
 273 F.3d 1192 (9th Cir. 2001) .................................................................. 7

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- ii -

LA 52330378

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

In re Infonet Servs. Corp. Secs. Litig.,
    310 F. Supp. 2d 1106 (C.D. Cal. 2003) ................................................................. 6

Korea Supply Co. v. Lockheed Martin Corp.,
    29 Cal. 4th 1134 (2003) ................................................................................ 8, 9

Kraus v. Trinity Mgmt. Servs., Inc.,
    23 Cal. 4th 116 (2000) ...................................................................................... 9

Lee v. Hanley,
    61 Cal. 4th 1225 (2015) .................................................................................... 12

Levin v. Citibank, N.A.,
    No. C-09-0350 MMC, 2009 WL 3008378 (N.D. Cal. Sept. 7, 2009)............ 10, 11

Madrid v. Perot Sys. Corp.,
    130 Cal. App. 4th 440 (2005) ........................................................................ 8, 9

McCoy v. Chase Manhattan Bank, USA,
    559 F.3d 963 (9th Cir. 2009) ............................................................................ 10

McCoy v. Chase Manhattan Bank, USA, N.A.,
    654 F.3d 971 (9th Cir. 2011) ......................................................................... 9, 10

McKell v. Washington Mut., Inc.,
    142 Cal. App. 4th 1457 (2006) ..................................................................... 12, 13

N. Star Int'l v. Ariz. Corp. Comm'n,
    720 F.2d 578 (9th Cir. 1983) ............................................................................. 6

Phillips v. Apple Inc.,
    No. 15-CV-04879-LHK, 2016 WL 5846992 (N.D. Cal. Oct. 6,
    2016), aff'd, 725 F. App'x 496 (9th Cir. 2018)....................................................... 9

Roundtree v. Chase Bank USA, N.A.,
    No. C13-239 MJP, 2014 WL 12641200 (W.D. Wash. May 7, 2014).................. 11

Welco Elecs., Inc. v. Mora,
    223 Cal. App. 4th 202 (2014) ............................................................................ 12

Williamson v. Reinalt-Thomas Corp.,
    No. 5:11-CV-03548-LHK, 2012 WL 1438812 (N.D. Cal. Apr. 25,
    2012) ............................................................................................................. 12, 13

- iii -

LA 52330378

Zevallos v. Citibank,
   No. 9-cv-5334 CRB, 2010 WL 3743864 (N.D. Cal. Sept. 20, 2010) ..................... 7

**Statutes**

15 U.S.C. § 1640(e) ........................................................................................... 6

15 U.S.C. § 1666 ........................................................................................... *passim*

15 U.S.C. § 1666(a)(3) ....................................................................................... 6

**Rules**

Fed. R. Civ. P. 8(a)(2) ........................................................................................ 5

Fed. R. Civ. P. 12(b)(6) ...................................................................................... 5

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

- iv -

LA 52330378

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Clifford J. Hill ("Plaintiff") alleges that in late 2018, four improper charges were made on his credit card account (the "Account"), issued by JPMorgan Chase Bank, N.A. ("JPMC"), by defendant Euro Stone America, International Inc. ("Euro Stone").  By the Complaint, Plaintiff alleges that certain of these charges were improper because he received defective or incomplete orders and others were not authorized by him.  As it relates to JPMC, Plaintiff alleges that he submitted written disputes to JPMC but that JPMC denied each dispute.  Based on these allegations, Plaintiff asserts that JPMC:  (1) violated the Fair Credit Billing Act, 15 U.S.C. § 1666 et seq. (the "FCBA") (the "First Claim"); (2) violated California's unfair competition law (the "UCL") (the "Second Claim"); breached the implied covenant of good faith and fair dealing (the "Third Claim"); and engaged in conversion (the "Fifth Claim").  As fully set forth below, each of these claims fail.

First, Plaintiff's FCBA claim is time-barred.  The FCBA contains a one-year statute of limitations.  Here, the alleged wrongful conduct, JPMC's denial of his disputes, occurred in January 2019.  Thus, the Complaint, filed in June 2020, is untimely.  Second, Plaintiff's UCL claim, which is based on alleged unlawful and unfair conduct, fails because it relies solely on the improper FCBA claim and fails to sufficiently plead that JPMC engaged in any unfair conduct.  Regardless, Plaintiff is not entitled to either an injunction (because the improper conduct already occurred) or restitution (because he does not allege that he paid money to JPMC).

Third, Plaintiff's breach of implied covenant of good faith and fair dealing cause of action fails because Plaintiff is barred from bringing such a claim when the subject matter of the claim is covered by the express terms of a contract.  Here, Plaintiff bases his claim on JPMC's alleged duty to conduct a reasonable investigation which is found within the written cardmember agreement governing the

Account.  Of course, the language of the cardmember agreement aligns with the requirements of the FCBA, making this claim entirely duplicative.

Fourth, Plaintiff's claim for conversion fails as a matter of law because as pleaded, the object of Plaintiff's conversion claim is money, and Plaintiff fails to plead that the money involved was a specific, identifiable sum.  Additionally, Plaintiff fails to plead that he paid money to JPMC that was in JPMC's possession, precluding a finding that he had an ownership or property interest in the money at the time of the alleged conversion.

Accordingly, each of Plaintiff's claims against JPMC should be dismissed in their entirety.

## II.   BACKGROUND

### A.   The Allegations In The Complaint

In the Complaint, Plaintiff alleges that JPMC "fail[ed] to handle billing errors brought to its attention by Plaintiff in compliance with [JPMC's] statutory obligations under the [FCBA]. . . ."  (Compl. ¶ 1.)  Plaintiff avers that, on or about October 19, 2018, he provided JPMC with "written notice of a billing errors [sic] on his September ($9,705.74) October ($1,066.10) and November ($127.67) 2018 statements. . . ."  (Id. ¶ 44; Ex. 4.)  There, Plaintiff disputed the "full amount" that was charged by the "merchant," defendant Euro Stone, for transactions that took place on August 21, 2018, August 23, 2018 and September 28, 2019 (this transaction occurred on September 28, 2018, based on documents attached to Plaintiff's own Complaint)[2].  (Id., Exhs. 3.1-3.3.)

According to Plaintiff, the charges by Euro Stone were for "materials that were not delivered intact or never ordered or received by Plaintiff."  (Id.) Specifically, the Complaint alleges that when Plaintiff received his Euro Stone order that was placed on August 21, 2018, in the amount of $9,705.74, thirty percent of the

---

[2] See Compl., Ex. 5.2.

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-07318-FMO-MAA

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

LA 52330378

order was either missing or broken.  (Id.)  Plaintiff further alleges that the charges from Euro Stone on his October 2018 and November 2018 statements were "fraudulent and no goods were ordered or received[,] as Plaintiff advised [JPMC]."  (Id.)  Based on the allegations, on November 16, 2018, Euro Stone "again fraudulently charged $10,899.41 to Plaintiff's [JPMC] account."  (Id.)

Plaintiff sent JPMC a letter, dated October 19, 2018, specifically disputing discrepancies with the Euro Stone order, including that the order contained broken goods, certain goods were missing from the order and that Euro Stone created two invoices in the amounts of $1,066.10 and $127.67, respectively, that Plaintiff neither authorized nor consented to.  (Id.)  In his October 19, 2018 dispute to JPMC, Plaintiff attached a picture of the "broken portion of the goods."  (Id., Ex. 4.1.)  Plaintiff alleges that JPMC "acknowledged receipt of [his] notice of billing error with respect to the $10,899.41 in charges by [Euro Stone]."  (Id.)  Plaintiff even claims that JPMC "purported to undertake an investigation into the matter[,] as required by the FCBA and [JPMC's] Cardholder Agreement."  (Id.)  But, by Plaintiff's account, JPMC did not take any action "to resolve" the Euro Stone charges on his statements.  (Id.)

According to Plaintiff's allegations, in a letter dated January 13, 2019 (this letter is actually dated January 15, 2019, based on the documents attached to Plaintiff's own Complaint)[3], JPMC denied Plaintiff's billing error dispute relating to the August 22, 2018 Euro Stone charge in the amount of $9,705.74.  (Id., Ex. 5.1.)  In responding to this particular billing dispute, JPMC stated: "In reviewing the information you and the merchant provided, [JPMC] found that the merchandise was provided, and you didn't return it or make arrangements for [Euro Stone] to pick it up."  (Id.)  Accordingly, JPMC "consider[ed] the charge[] valid based on the information available and the results of [its] investigation."  (Id.)  In two subsequent letters, dated January 16, 2019 (on August 24, 2018, Euro Stone charged the amount

---

[3] See Compl., Ex. 5.1.

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-07318-FMO-MAA

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 52330378

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1   of $1,066.10 and a on September 28, 2018, Euro Stone charged the amount of

2   $127.67) and January 17, 2019 (on November 18, 2018, Euro Stone charged the

3   amount of $10,899.41), JPMC also denied Plaintiff's billing disputes.  (Id., Exhs.

4   5.2-5.3.)  There, JPMC again provided Plaintiff written explanation, regarding the

5   respective disputes, to which JPMC determined that Plaintiff did not return the

6   merchandise to Euro Stone or make arrangements to have the merchandise picked

7   up.  (Id., Ex. 5.2.)

8        Plaintiff's complaint, however, alleges JPMC did not provide an "explanation

9   for its conclusion nor any supporting documentation."  (Id., at ¶ 44.)  Thereby,

10  Plaintiff alleges that JPMC failed to comply with the FCBA requirements, including:

11               fail[ing] to conduct a reasonable investigation into the
             billing errors[,] . . . fail[ing] to timely make the requested
12           corrections to [his] accounts[,] . . . fail[ing] to send a timely
             written explanation or clarification to the Plaintiff . . . [and]
13           fail[ing] to send documentary evidence to Plaintiff . . . of
             [his] alleged indebtedness.
14

15  (Id. ¶ 53.)

16       Based on the foregoing, Plaintiff asserts four claims against JPMC for:  (1) the

17  FCBA; (2) the UCL; (3) breach of implied covenant of good faith and fair dealing;

18  and (4) conversion.  (Id. ¶¶ 47-77, 97-105.)  Plaintiff seeks damages of an

19  unspecified amount, statutory and consequential damages, restitution, injunctive

20  relief, attorneys' fees and punitive damages.  (See id. at Prayer For Relief.)

21       **B.    Procedural Posture**

22       Plaintiff first filed his Complaint in the Superior Court of California, County

23  of Ventura on June 15, 2020.  Plaintiff's Complaint alleges four causes of action

24  against JPMC, including: (i) violation of the FCBA; (ii) violation of the UCL;

25  (iii) breach of the implied covenant of good faith and fair dealing; and (iv) a claim

26  for conversion.  At the heart of each of the causes of action is Plaintiff's fundamental

27

28

- 4 -

grievance with JPMC's resolution of his billing disputes.  Accordingly, each of Plaintiff's claims against JPMC fail as a matter of law.

On August 13, 2020, JPMC filed a Notice of Removal (Dkt # 1) with this Court based on federal question jurisdiction, as Plaintiff's action arises under the FCBA, 15 U.S.C. § 1666 et seq.  Before removing the case, JPMC received consent to remove from the other defendant in this matter, Euro Stone.

## III.   ARGUMENT

### A.   <u>Legal Standard</u>

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  When a complaint is challenged by a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions."  <u>Twombly</u>, 550 U.S. at 555 (internal quotations and citations omitted).  A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  <u>Iqbal</u>, 556 U.S. at 678 (citation omitted).  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>  Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief.'"  <u>Id.</u> at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Additionally, under Rule 12(b)(6), dismissal of a complaint may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory."  <u>Conservation Force v. Salazar</u>, 646 F.3d 1240, 1242 (9th Cir. 2011).  The Court is not required to "accept legal conclusions

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994); <u>see also</u> <u>In re Infonet Servs. Corp. Secs. Litig.</u>, 310 F. Supp. 2d 1106, 1113 (C.D. Cal. 2003).  Dismissal is proper if a complaint is vague, conclusory, or fails to set forth material facts in support of the allegations.  <u>See</u> <u>id.</u>; <u>see also</u> <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 583 (9th Cir. 1983).

### B.    Plaintiff's FCBA Claim Is Time-Barred.

Plaintiff's First Claim alleges that JPMC violated provisions of the FCBA with respect to the handling of Plaintiff's billing disputes.  (Compl. at ¶¶ 47-54.)  As relevant here, the FCBA requires a creditor to, after receiving an obligor's written notice of a billing error, acknowledge receipt of the billing dispute within 30 days and either make the appropriate corrections to the account or "send a written explanation or clarification . . . setting forth to the extent applicable the reasons why the creditor believes the account of the obligor was correctly shown in the statement[.]"  15 U.S.C. § 1666(a)(3).  Critically, "any action under [the FCBA] may be brought . . . within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).

Here, there are four charges at issue: (1) $9,705.74 on August 22, 2018; (2) $1,066.10 on August 24, 2018; (3) $127.67 on September 28, 2018, and (4) $10,899.41 on November 18, 2018.  (<u>See</u> Compl. ¶ 44 & Exhs. 3.1, 3.2 and 3.3.)  Plaintiff alleges that he disputed these charges, and that JPMC responded on January 13, 2019, January 16, 2019 and January 17, 2019, respectively, denying his billing disputes.  (<u>Id.</u>; Exhs. 5.1-5.3.)  Because the alleged violation—JPMC's supposed failure to properly investigate the dispute and correct the "error"—occurred no later than January 17, 2019, the Complaint, filed on June 15, 2020, is time-barred.  <u>See</u> <u>Davis v. Maryland Bank</u>, No. 00-04191, 2002 WL 32713429, at *6 (N.D. Cal. June

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-07318-FMO-MAA

LA 52330378

19, 2002) (holding that a claim relating to a billing error under the FCBA "must be brought within one-year of the creditor's failure to correct the [billing] error.").

### C.  Plaintiff's Fails To State A Claim For The UCL.

By his Second Claim, Plaintiff asserts that JPMC violated the UCL.  (Compl. ¶¶ 55-64.)  Plaintiff asserts that JPMC violated the UCL by engaging in "acts and practices [] actionable under the 'unlawful' and 'unfair' prongs of the UCL. . . ."  (Id. ¶ 58.)  In support of his allegation that JPMC violated the unlawful prong of the UCL, Plaintiff alleges that JPMC engaged in unlawful behavior by violating the FCBA.  (Id. ¶ 61.)  Plaintiff's UCL allegations fail because, as fully set forth above, he has failed to allege a viable claim under the FCBA and even if he has, which he has not, Plaintiff still fails to allege that he is entitled to a remedy.

Plaintiff's UCL claim, whether analyzed under the unlawful prong or the unfair prong, is factually and legally deficient.  To determine whether a practice is "unlawful," Section 17200 "borrows" violations of other laws, and makes them independently actionable under the UCL.  AICCO, Inc. v. Ins. Co. of N. Am., 90 Cal. App. 4th 579, 587 (2001).  As fully set forth above, because Plaintiff's FCBA claim is barred by the statute of limitations, the FCBA claim may not form the basis for Plaintiff's UCL claim.  See Glenn K. Jackson Inc. v. Roe, 273 F.3d 1192, 1203 (9th Cir. 2001) (holding that the UCL "does not give a plaintiff license to 'plead around' the absolute bars to relief contained in other possible causes of action by recasting those causes of action as ones for unfair competition."); Zevallos v. Citibank, No. 9-cv-5334 CRB, 2010 WL 3743864, at *3 (N.D. Cal. Sept. 20, 2010) (granting defendants' motion to dismiss plaintiff's UCL, premised on the unlawful prong of the UCL, because plaintiff failed to allege a violation of the FCBA).

Plaintiff's allegation that JPMC violated the "unfair" prong of the UCL likewise fails.  The Complaint alleges that JPMC engaged in unfair business acts or practices by:

- 7 -

LA 52330378

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

failing to conduct a reasonable investigation into the billing errors[,] . . . failing to timely make the requested corrections to [his] accounts[,] . . . failing to send a timely written explanation or clarification to the Plaintiff as to the reasons that [JPMC] believed the account statement is correct . . . [and] failing to send documentary evidence to Plaintiff . . . of [his] alleged indebtedness.

(Compl. ¶ 62.)  Such conclusory allegations, unsupported by facts, fail to allege JPMC's alleged conduct was either unfair or deceptive.  See Borisov v. Alamo Rent A Car, No. C18-5847 BHS, 2019 WL 316710, at *5 (W.D. Wash. Jan. 24, 2019) (finding that defendant Chase complied with its FCBA obligations, and plaintiff failed to establish that such compliance was unfair or deceptive because there was nothing deceiving about promptly responding to an alleged dispute, investigating, and then informing the card holder).  Of course, Plaintiff cannot create a claim that JPMC's conduct was "unfair" under the UCL by simply alleging that its investigation was unreasonable – the exact conduct that supports his barred FCBA claim, and thus, cannot constitute "unlawful" conduct.

Even if Plaintiff had sufficiently alleged that JPMC violated the unlawful or unfair prong of the UCL, which he has not, his UCL claim fails for the independent reason that Plaintiff is not entitled to either injunctive relief or restitution.  Under the UCL, Plaintiff's remedies are "generally limited to injunctive relief and restitution." Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003) (internal quotations and citation omitted); see also Corbett v. Super. Ct., 101 Cal. App. 4th 649, 664 (2002) ("[T]he express language and history of section 17203 limited the relief available to restitution and injunctions.").  First, Plaintiff is not entitled to injunctive relief because the alleged wrongful conduct, JPMC's investigation and response to Plaintiff's billing disputes, already happened and is not likely to recur. See Madrid v. Perot Sys. Corp., 130 Cal. App. 4th 440, 463 (2005) ("Injunctive relief has no application to wrongs which have been completed, absent a showing that past

- 8 -

violations will probably recur.") (internal quotations and citation omitted). As a result, the only remedy he would be entitled to is restitution.

Second, Plaintiff is not entitled to restitution because restitution, where available, requires "a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken[.]" Korea Supply, 29 Cal. 4th at 1144-45 (quoting Kraus v. Trinity Mgmt. Servs., Inc., 23 Cal. 4th 116, 126-27 (2000)). Critically, Plaintiff does not allege that he paid any money to JPMC or that JPMC obtained or is in possession of any of Plaintiff's property. See Phillips v. Apple Inc., No. 15-CV-04879-LHK, 2016 WL 5846992, at *10 (N.D. Cal. Oct. 6, 2016), aff'd, 725 F. App'x 496 (9th Cir. 2018) (finding that the money that plaintiffs paid for their cellular service was given not to Apple, but to plaintiffs' wireless carriers and dismissing plaintiffs' UCL claim for restitution because plaintiffs did not allege that defendant Apple received money or property, indirectly or otherwise, for the payments plaintiffs made to their wireless carriers). Accordingly, because Plaintiff has not pleaded that he is entitled to either injunctive relief or restitution, his UCL claim must fail. See Madrid, 130 Cal. App. 4th at 456 (affirming trial court's order sustaining demurrer to UCL claims where plaintiff was not entitled to any remedy).

Accordingly, Plaintiff's Second Claim for violation of the UCL must be dismissed.

**D.    Plaintiff Fails To State A Claim For Implied Covenant Of Good Faith And Fair Dealing.**

Plaintiff's Third Claim alleges that JPMC violated the implied covenant of good faith and fair dealing "in the manner it handled timely written notice of alleged billing errors." (Compl. ¶ 68.) This claim likewise will not succeed. No claim for breach of the implied covenant of good faith and fair dealing may proceed where the subject matter is covered by the express terms of the contract. McCoy v. Chase

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-07318-FMO-MAA

LA 52330378

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

Manhattan Bank, USA, N.A., 654 F.3d 971, 975 (9th Cir. 2011).  In McCoy, Chase increased plaintiff's credit card interest rates retroactively to the beginning of his payment cycle after his account was closed to new transactions as a result of a late payment.  Id. at 972.  Plaintiff claimed that Chase breached the implied duty of good faith and fair dealing by failing to notify plaintiff of the change to his account, as required under the cardmember agreement.  The district court dismissed plaintiff's implied covenant claim and the Ninth Circuit affirmed, holding that "where the subject at issue [was] expressly covered by the contract . . . the implied duty to perform in good faith does not come into play."  McCoy v. Chase Manhattan Bank, USA, 559 F.3d 963, 971 (9th Cir. 2009).  On remand from the United States Supreme Court,[4] the Ninth Circuit confirmed that no claim for breach of the implied covenant of good faith and fair dealing may be presented where the subject matter is covered by the express terms of the contract.  McCoy, 654 F.3d at 975 ("McCoy's seventh cause of action fails to state a claim for breach of an implied duty of good faith because the contract already contained an express obligation for Chase to provide notices as required by law, and 'where the subject at issue is expressly covered by the contract . . . the implied duty to perform in good faith does not come into play.'") (citing Dave Greytak Enters., Inc. v. Mazda Motors of Am., Inc., 622 A.2d 14, 23 (Del. Ch. 1992)).[5]

Here, JPMC's conduct is consistent with the express terms of the agreement.  Put simply, Plaintiff alleges that JPMC did not comply with the FCBA—a condition which are expressly sated in Plaintiff's cardmember agreement.  (Compl. ¶¶ 39-40; Ex. 2, at 112-113 of 143.)  As a result, Plaintiff may not base his breach of implied covenant of good faith and fair dealing on this theory.  See Levin v. Citibank, N.A.,

---

[4]  Chase Bank USA, N.A. v. McCoy, 562 U.S. 195, 131 S. Ct. 871, 178 L. Ed. 2d 7161 (2011).

[5] The cardmember agreement governing Plaintiff's Account, is governed by Delaware law. (Compl. at Ex. 2, at 109 of 143) ("This Agreement and your account will be governed by federal law, as well as the law of Delaware, and will apply no matter where you live or use this account.").

- 10 -

No. C-09-0350 MMC, 2009 WL 3008378, at *5 (N.D. Cal. Sept. 7, 2009) ("Because the time by which Citibank is required to provide notice is addressed by an express provision of the [contract], [Plaintiff] may not base a claim for breach of the implied covenant of good faith and fair dealing on a theory Citibank failed to provide timely notice of the subject determination.").

Even if Plaintiff could base his claim on the FCBA theory, his FCBA claim is equally without merit.  Here, Plaintiff pleads that the cardmember agreement is a valid and enforceable contract between JPMC and plaintiff.  (Compl. ¶ 66.)  Plaintiff further pleads that JPMC breached its duty of good faith and fair dealing by:

> failing to conduct a reasonable investigation into the billing errors[,] . . . failing to timely make the requested corrections to [his] accounts[,] . . . failing to send a timely written explanation or clarification to the Plaintiff as to the reasons that [JPMC] believed the account statement is correct . . . [and] failing to send documentary evidence to Plaintiff . . . of [his] alleged indebtedness.

Id. at ¶ 68.  But courts have found that JPMC's duty to conduct a reasonable investigation arises from its obligations under FCBA, where the applicable language in the cardmember agreement is consistent with the FCBA.  See Roundtree v. Chase Bank USA, N.A., No. C13-239 MJP, 2014 WL 12641200, at *1 (W.D. Wash. May 7, 2014) (finding the required notices in the Cardmember Agreement do not give rise to a separate cause of action because the duty to conduct a reasonable investigation arose out of defendant Chase's obligations under the FCBA).  Accordingly, Plaintiff's Third Claim for implied covenant of good faith and fair dealing claim must be dismissed.

### E.  Plaintiff Fails To State A Claim For Conversion.

Plaintiff's Fifth Claim for conversion alleges that "funds [were] charged to Plaintiff's [A]ccount for goods not ordered, not received and for those that were received broken and thus unusable," "Defendants had no right to retain those funds"

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

LA 52330378

and JPMC "interfered with Plaintiff's property when [JPMC] retained a portion of the funds and aided [Euro Stone] to retain the balance." (Compl. ¶¶ 98-99, 101.)

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." Lee v. Hanley, 61 Cal. 4th 1225, 1240 (2015) (quoting Welco Elecs., Inc. v. Mora, 223 Cal. App. 4th 202, 208 (2014)).

Plaintiff's Fifth Claim for conversion fails because Plaintiff has not offered factual allegations to support his conversion claim that JPMC withheld a specific, identifiable sum of money or, even if Plaintiff did allege a specific and identifiable sum of money, that Plaintiff had a possessory interest to that alleged sum. First, the law is well stated that money, without specific factual allegations identifying the sum, cannot be the subject of a conversion claim. McKell v. Washington Mut., Inc., 142 Cal. App. 4th 1457, 1491 (2006) ("Money cannot be the subject of a cause of action for conversion unless there is a specific, identifiable sum involved, such as where an agent accepts a sum of money to be paid to another and fails to make the payment."). Here, Plaintiff alleges that "[JPMC] intentionally and substantially interfered with Plaintiff's property when it retained a portion of the funds and aided [Euro Stone] to retain the balance." (Compl. ¶ 101) (emphasis added). Plaintiff further alleges that "Defendants," in the collective, "had no right to retain those funds." (Id. at ¶ 99.) Whereas here, the object of Plaintiff's conversion claim is money and he has not alleged a specific, identifiable sum of money, Plaintiff's factual allegations fail to plead a conversion claim. See Williamson v. Reinalt-Thomas Corp., No. 5:11-CV-03548-LHK, 2012 WL 1438812, at *5 (N.D. Cal. Apr. 25, 2012) (finding that plaintiff did not state a claim for conversion because the basis for plaintiff's conversion claim was a commercial transaction, and without alleging

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 12 -

LA 52330378

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

1  that defendants misappropriated, commingled or misapplied specific funds held for

2  the benefit of plaintiff, he could not overcome the general rule that the object of a

3  conversion claim cannot be money); <u>Brosious v. JP Morgan Chase Bank, N.A.</u>, No.

4  15-CV-00047-KJM-DAD, 2015 WL 3486953, at *4 (E.D. Cal. June 2, 2015)

5  (dismissing plaintiff's conversion claim, alleging that defendant "did 'not apply[ ]

6  [plaintiff's payment] to anything,'" did not put defendant on notice because plaintiff

7  did not identify the sum involved) (citing <u>McKell</u>, 142 Cal. App. 4th at 1491).

8       <u>Second</u>, even if the object of a conversion claim could be money, Plaintiff fails

9  to establish the first element of his conversion claim—that he had an ownership or

10  right to possession of the property at the time of the conversion.  Here, Plaintiff fails

11  to allege that he actually made a payment to JPMC for any portion of the Euro Stone

12  charges or, even if he had, that he would have retained a possessory interest in the

13  submitted payments.  <u>See</u> <u>Reinalt-Thomas Corp.</u>, 2012 WL 1438812, at *5 (finding

14  that plaintiff agreed to pay the exact amount he was quoted and at the moment he

15  paid defendants, title to those funds passed to the defendants which negated his

16  conversion claim); <u>see also</u> <u>Andre v. Bank of Am., NA</u>, No. 14-CV-02888-PSG,

17  2016 WL 69914, at *4 (N.D. Cal. Jan. 6, 2016) (finding no conversion claim because

18  plaintiff gave up his possessory interest in the checks at issue where plaintiff

19  willingly sent defendant the cashier's checks and also because defendant was never

20  plaintiff's trustee or agent or holding plaintiff's money on his behalf).  Likewise

21  here, Plaintiff's allegations that JPMC "<u>charged</u> Plaintiff for these goods, and refused

22  to return the money" are not sufficient to plead a conversion claim.  (Compl. ¶ 100)

23  (emphasis added).  Accordingly, Plaintiff's conversion claim fails.

**IV.   CONCLUSION**

25       In light of the foregoing, JPMC respectfully requests that the Court grant its

26  Motion to Dismiss, in its entirety, without leave to amend.

27

28

LA 52330378

Dated:  August 20, 2020

Respectfully Submitted,

STROOCK & STROOCK & LAVAN LLP
ARJUN P. RAO
BRYAN D. TRADER

By: _____
                   */s/ Arjun P. Rao*
                   Arjun P. Rao

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067–3086

- 14 -

NOTICE OF MOTION AND MOTION TO DISMISS
Case No. 2:20-cv-07318-FMO-MAA

LA 52330378

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

# CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2020, a copy of the foregoing **NOTICE OF MOTION AND MOTION OF DEFENDANT JPMORGAN CHASE BANK, N.A. TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

*/s/ Arjun P. Rao*
Arjun P. Rao

*Via U.S. Mail*
Clifford J. Hill
24814 Jacob Hamblin Road
Hidden Hills, CA 91302
*In Pro Per*

LA 52330378